933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. MATTINGLY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-5900.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and JOINER* Senior District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant David A. Mattingly was a twenty-one year old laborer at the time he injured his back in a work-related accident in 1981. He eventually returned to work after nine months recuperation, but had to undergo arthroscopic knee surgery in 1982. From 1984 to 1986, Mattingly was able to work as a farm laborer although his back problems persisted. He alleges disability due to lateral disc herniation from December 6, 1986 until shortly after back surgery in June 1988. Mattingly is not employed at present.
 
 
 2
 The Social Security Administration denied Mattingly's initial application for disability insurance benefits in 1987. Mattingly then had a hearing before an Administrative Law Judge (ALJ) in April 1988. The ALJ concluded that Mattingly was not entitled to disability insurance benefits based on a finding that Mattingly had the ability to perform the full range of sedentary work, and therefor was not disabled. The Appeals Council of the Department of Health and Human Services denied Mattingly's request for review.
 
 
 3
 On appeal to federal district court, a hearing was held in February 1988 before a Magistrate, who recommended entering summary judgment for the Secretary. On June 8, 1990, the district court granted summary judgment in favor of the Secretary. On appeal, we find that the decision of the ALJ was supported by substantial evidence, and therefor affirm the summary judgment for the Secretary.
 
 
 4
 This court's review of the Secretary's findings is limited to determining if the findings are supported by substantial evidence. 42 U.S.C. Sec. 405(g) (1988). Substantial evidence means " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1001 (6th Cir.1988) (citation omitted).
 
 
 5
 The evidence in this case consists of the testimony and medical reports of three physicians, Dr. Raymond Shea, Dr. Darius Ghazi, and Dr. Richard K. Jelsma. Dr. Shea, in a report dated August 17, 1987, noted the following: (1) a 10% loss of back motion; (2) negative straight leg raising tests with reflexes intact; (3) ability to heel and toe walk; (4) normal X-ray of the lumbosacral spine; and (5) an abnormal CAT scan report from January 1987 with herniation of the L5-S1 disc. Dr. Shea opined that Mattingly was "permanently and totally disabled as a result of the herniated disc." Id.
 
 
 6
 Dr. Ghazi examined Mattingly on June 2, 1988. His report described Mattingly as "fit and well muscled", and able to walk without a limp. Dr. Ghazi also reported that Mattingly had "no sensory abnormalities to his lower extremities", and that he enjoyed "a full range of motion of the hips, knees and ankles" along with "fully functional hands." With respect to the lower back, Dr. Ghazi reported "good mobility of his lumbar spine" and the ability to bend forward and side 90 degrees. Dr. Ghazi also acknowledged the disc herniation found by Dr. Shea but stated that Mattingly "does not show any significant clinical signs of nerve root involvement." Dr. Ghazi concluded that "Mr. Mattingly is suffering from chronic back pain without any significant objective findings."
 
 
 7
 On June 29, 1988, Mattingly underwent back surgery. The surgery was performed by Dr. Richard K. Jelsma, who concluded in his August 1988 report that "[c]linical evaluation, CAT scan, myelogram, all suggested clinically significant disc rupture at L5 on the left." Dr. Jelsma also concluded that Mattingly could "re-enter the job market ... [in] 3-4 months", although he would continue to suffer from a "5% permanent partial disability to the body as a whole as a result of his disc excision at L5 on the left."
 
 
 8
 In this appeal, Mattingly's principal argument is that the Secretary did not give proper weight to the testimony of his treating physician, Dr. Shea and Dr. Jelsma. This evidence, according to Mattingly, establishes a period of disability from December 1986 to sometime after the surgery in June 1988. Mattingly gives particular emphasis to the CAT scans and myelograms which indicated a herniated disc.
 
 
 9
 Mattingly correctly states that in the event of conflicts between the opinions of a treating physician and a consulting physician, the treating physician's opinion may only be disregarded if the ALJ sets forth specific, legitimate reasons for doing so based on substantial evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1987) (citation omitted). Mattingly also relies on Walston v. Gardner, 381 F.2d 580, 585 (6th Cir.1967), which reversed a denial of benefits because "where the expert medical opinions expressed by doctors who have examined and treated an applicant state that he is disabled from engaging in any substantial gainful activity, a contrary finding by a hearing examiner is in the realm of speculation and reversible error in the absence of countervailing substantial evidence."
 
 
 10
 In this case, however, there was countervailing evidence supporting the decision of the ALJ. Although Dr. Shea expressed an opinion that Mattingly was totally disabled, this opinion was not supported by Dr. Shea's own objective findings. Moreover, the report of Dr. Ghazi strongly supports the ALJ's determination. Mattingly correctly points out that the opinion of Dr. Shea, as treating physician, normally is entitled to greater weight than a doctor who only examined him once. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir.1987). Nevertheless, Dr. Shea's own medical findings fail to cast doubt on the ALJ's conclusion that Mattingly was capable of performing the full range of sedentary work.
 
 
 11
 Mattingly also attempts to cast doubt on Dr. Ghazi's report, which he characterizes as "the only support for the ALJ's opinion[.]" Brief for Plaintiff-Appellant at 11. Mattingly's main argument is that Dr. Ghazi incorrectly interpreted a CAT scan report. Dr. Ghazi concluded that the CAT scan showed "a question of disc herniation ... [but not] any significant clinical signs of nerve root involvement." Mattingly emphasizes the X-ray report of Dr. Shea which concluded the CAT scan was "abnormal ... [due to] left lateral disc herniation."
 
 
 12
 Mattingly's assertions concerning the reliability of Dr. Ghazi's report are unfounded. Proof of a herniated disc does not constitute automatic proof of a disability, and the evidence emphasized by Mattingly only proves that he experienced some degree on disk herniation. Mattingly would have his case resolved on the basis of (1) Dr. Shea's statement that he was "permanently and totally disabled as a result of the herniated disc," and (2) Dr. Jelsma's post-surgery statement that Mattingly had a "clinically significant disc rupture at L5." However, even Dr. Shea described only "intermittent difficulty", just a 10% loss of back motion, intact reflexes, a normal lumbosacral spine, and the ability to heel and toe walk. These conclusions are essentially compatible with Dr. Ghazi's conclusion that Mattingly suffers from "chronic back pain without any significant objective findings."
 
 
 13
 The ALJ did find objective medical evidence of a "disc protrusion at L5-S1." The ALJ had an obligation to investigate the entire record, though, in order to determine whether Mattingly was capable of performing work despite his back. In support of the finding that Mattingly was not disabled within the meaning of the Social Security Act, the ALJ relied on the fact that: (1) Mattingly has never required strong pain relieving medication; (2) before the June 1988 operation, Mattingly performed household chores similar to that required in sedentary work activity; (3) neither Dr. Shea nor Dr. Ghazi recommended work restrictions; and (4) he showed a significant range of motion.
 
 
 14
 As for Mattingly's argument that he was denied an opportunity to cross examine Dr. Ghazi, this issue has not been raised before. Thus, it may not be raised for the first time on appeal. Yeiter v. Secretary of Health and Human Services, 818 F.2d 8, 11 (6th Cir.), cert. denied, 484 U.S. 854 (1987).
 
 
 15
 In conclusion, we find that the decision of the ALJ was supported by substantial evidence. The denial of benefits is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation